UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Todd Burgess, #349367, | C/A No. 4:12-3216-JFA-TER |
| Plaintiff, | |
| vs. | ORDER |
| Sgt. Amy Bowers; Gerald K. Potoka, Senior Chaplain; South Carolina Department of Corrections; Lt. Thompson; Lt. Pamela Phelps; Major Seyward; Officer Chris Johnson; Asst. Warden Washington; Asst. Warden Ingram; Warden Cecilia Reynolds, | |
| Defendants. | |

Presently before the court is a motion filed by Plaintiff on August 12, 2013, entitled "Motion to Waive Immunity." (Doc. #86). In this motion, Plaintiff asserts that legal counsel for the Defendants argued immunity in their answer and he requests "...the waiving of any such immunity; each Defendant being sued of his/her own capacity for his/her unlawful actions against the Plaintiff." (Id.). Defendants filed a response in opposition on August 29, 2013, asserting that Plaintiff's Motion to Waive Immunity is essentially a reiteration of the claims set forth in his Complaint and Amended Complaint and the request that Defendants waive any immunity asserted in their Answers is not a proper filing within the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of South Carolina. (Doc. #94). Further, Defendants assert that they have properly raised certain affirmative defenses, including immunity defenses, and Plaintiff has presented absolutely no rational argument why those defenses should be waived.

Plaintiff's motion (doc. #86) is DENIED as it is not a proper motion under the Federal Rules of Civil Procedure.

On August 12, 2013, Plaintiff filed a Motion for Jury Trial wherein he reiterates the allegations contained in his complaint as a "Response to all Defendants Listed" and requests an immediate jury trial due to claims of "Imminent Dangers" of physical harm "due to retaliations and or verbal threats" commenced against him by the SCDC employees and Defendants named. (Doc. #85). Defendants filed a response in opposition asserting that the motion is improper under Rule 7(a) because Plaintiff has filed answers in response to Plaintiff's complaint and only the court may grant Plaintiff permission to reply to their Answers. Additionally, Defendants object stating the motion is unnecessary because Defendants have already requested a jury trial in their answers and it has been noted on the court's docket.

If Plaintiff is requesting an expedited hearing, the motion is DENIED as he fails to satisfy the requirements of Local Rule 16.14, D.S.C. Additionally, the court's docket reveals that a jury trial has been requested in this action.[1]

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 30, 2013
Florence, South Carolina

---

[1] If Plaintiff is attempting to file a reply to Defendants' answer, Plaintiff's motion (doc.#85) is denied as improper. The court has not ordered Plaintiff to file a reply to Defendants' answer under Federal Rules of Civil Procedure Rule 7(a).