UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Todd Burgess, #349367, ) | C/A No. 4:12-3216-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Sgt. Amy Bowers; Gerald K. Potoka, Senior ) | |
| Chaplain; South Carolina Department of ) | |
| Corrections; Lt. Thompson; Lt. Pamela Phelps; ) | |
| Major Seyward; Officer Chris Johnson; Asst. ) | |
| Warden Washington; Asst. Warden Ingram; ) | |
| Warden Cecilia Reynolds, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Eric Todd Burgess, filed this action under 42 U.S.C. § 1983[1] on November 8, 2012, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint on April 1, 2013. (Doc. #24). The Plaintiff is an inmate currently housed at the Allendale Correctional Institution ("ACI"). At all times relevant to the allegations in the complaint, Plaintiff was housed at the Kershaw Correctional Institution (KCI).

Defendants filed a motion for summary judgment on November 14, 2013, along with a memorandum and exhibits in support of said motion. (Document #121). Because Plaintiff is proceeding pro se, he was advised on or about November 15, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in the dismissal of his complaint. The Plaintiff filed a response on

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

December 18, 2013. (Docs. #145 and #146). Defendants filed a reply (doc. #152), and Plaintiff filed a "supplement" to his response (doc. #153).

## DISCUSSION

### ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges numerous allegations against the Defendants asserting they violated his constitutional rights. In his amended complaint he states that he is attempting to litigate "sexual assault; damage to scrotum, emotional/physical harm, psychological damage, hazing, harassment, retaliations, unlawful search and seizure, cruel and unusual punishment, violations of due process." (Doc. #24). Defendants have raised the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits.

### STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together

with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Plaintiff did not specifically address the exhaustion argument in his responses in opposition to the motion for summary judgment. (Id.). However, in his amended complaint, Plaintiff states that there is a prisoner grievance procedure at his institution, and that he filed many grievances concerning the allegations raised. He states that he filed a grievance on September 28, 2012, KRCI 1419-12. Plaintiff admits that he has not received a final answer concerning the Step 2 process of his grievance. (Doc. #24, p. 2).

Defendants submitted the affidavit Ann Hallman who attached a copy of Plaintiff's grievances filed at KCI since September 28, 2012, the date of the alleged incident. Ann Hallman attests that she is employed by the South Carolina Department of Corrections (SCDC) as the Branch Chief of Inmate Grievances with the SCDC and has held this position since May 2011. (Hallman affidavit, doc.# 121-3). Plaintiff filed thirteen grievances between September 29, 2012, and June 5, 2013 at KCI. (Id.). A Step 1 grievance was filed on September 29, 2012, referencing Sgt. Bowers and an incident from September 28, 2012, KRCI 1419-12. (Id.). The grievance was forwarded to the SCDC Division of Investigations on October 5, 2012. (Id.). On April 25, 2013, KRCI 1419-12 was

denied. (Id.). Plaintiff appealed this denial and filed a Step 2 grievance, which was received on May 1, 2013.[2] (Id.). The grievance remains pending. (Id.).

Plaintiff filed a number of Step 1 grievance that referenced Sgt. Bowers and an incident on September 28, 2012, which were returned unprocessed as duplicates raised in KRCI 1419-12. (Id.). These grievances are KRCI 1517-12; KRCI 0115-13; and KRCI 0522-13. (Id.).

Plaintiff also filed a Step 1 grievance referencing Gerald Potoka and a loss of a job, KRCI 1418-12. (Id.). This grievance was returned unprocessed because Plaintiff did not complete an appropriate informal resolution. (Id.).

Plaintiff filed a Step 1 grievance and referenced Gerald Potoka and a loss of a job, retaliation, and harassment, KRCI 1518-12. (Id.). This Step 1 grievance was filed on October 17, 2012. (Id.). On November 7, 2012, KRCI 1518-2 was denied. (Id.). Plaintiff appealed this denial and filed a Step 2 grievance on November 8, 2012, which was denied on May 31, 2013. (Id.).

Plaintiff filed a Step 1 grievance and referenced allegations against Officer Johnson in relation to a January 23, 2013, incident, KRCI 0116-13. (Id.). This grievance was filed on January 23, 2013, and was forwarded to the SCDC Division of Investigations. (Id.). On March 11, 2013, KRCI 0116-3 was denied. (Id.). Plaintiff appealed this denial and filed a Step 2 grievance on March 18, 2013, which remains pending. (Id.).

Plaintiff filed a Step 1 grievance and referenced allegations against Lt. Thompson in relation to a March 26, 2013, incident KRCI 0432-13. (Id.). This grievance was filed on March 26, 2013. On April 8, 2013, KRCI 0116-13 was denied. (Id.). Plaintiff appealed this denial and filed a Step 2 grievance on April 11, 2013. This Step 2 grievance which remains pending. (Id.).

---

[2] Plaintiff filed his complaint on November 8, 2012.

5

Plaintiff filed a Step 1 grievance and referenced allegations against Sgt. Bowers, Warden Reynolds, Lt. Phelps, Officer Johnson, and referenced allegations of cruel and unusual punishment, discrimination, and harassment, KRCI 0466-13. (Id.). This grievance was filed on April 1, 2013. This grievance was returned unprocessed on April 5, 2013, as a duplicate to issues raised in KRCI 0116-13. (Id.).

Plaintiff filed a Step 1 grievance and referenced allegations against LT. Thompson, and referenced allegations of retaliation and a disciplinary charge, KRCI 0710-13. (Id.). This grievance was filed on May 10, 2013, and returned unprocessed on May 20, 2013, because Plaintiff submitted the grievance before he was charged with a disciplinary offense or appeared before the disciplinary Hearing Officer. (Id.).

Plaintiff filed another Step 1 grievance and referenced allegations against Sgt. Bowers and Warden Reynolds, and referenced allegations pertaining to an Incident from September 28, 2012, KRCI 0810-13. (Id.). It also referenced other grievances from this incident. (Id.). This grievance was filed on June 5, 2013. (Id.). This grievance was returned unprocessed on June 10, 2013, due to the fact that inmates cannot file a grievance on the disposition of another grievance. (Id.).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.

6

§ 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that Defendants' motion for summary judgment (doc. #121) be granted for failure to exhaust administrative remedies. Plaintiff's allegations stem from an alleged incident on September 28, 2012. Plaintiff filed his complaint on November 8, 2012, prior to exhaustion of his administrative remedies. Plaintiff's various grievances either were returned as unprocessed, he did not file the initial Step 1 grievance and/or the Step 2 grievance, or he had not yet received a decision prior to filing his complaint on November 8, 2012. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

**PENDENT JURISDICTION**

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

**CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this Defendant's motion for summary judgment (document #121) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

It is FURTHER RECOMMENDED that all outstanding motions be deemed moot.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 10, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**