IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Todd Burgess, ) | C/A: 4:12-3216-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| Sgt. Amy Bowers; Gerald K. Potoka, Senior ) | |
| Chaplain; South Carolina Department of ) | |
| Corrections; Lt. Thompson; Lt. Pamela ) | |
| Phelps; Major Seyward; Officer Chris ) | |
| Johnson; Asst. Warden Washington; Asst. ) | |
| Warden Ingram; Warden Cecelia Reynolds. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Eric Todd Burgess, is an inmate with the South Carolina Department of Corrections (SCDC). He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendants' motion for summary judgment[2] should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were notified of their right to file specific objections to the Report and Recommendation. The plaintiff filed timely objections to the Report and the defendants replied thereto.

The Magistrate Judge opines that because the plaintiff has failed to exhaust his administrative remedies, the defendants' motion for summary judgment should be granted. A review of the record in this case reveals that the Magistrate Judge is unquestionably correct. The plaintiff filed at least two grievances with the SCDC, one only 13 days before the complaint in this case was filed, and another grievance filed 22 days before this case was filed. These two grievances were still pending at the time the plaintiff filed the present lawsuit. Moreover, plaintiff initiated several additional grievances after this litigation was commenced.

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust the available administrative remedies before filing a § 1983 action concerning the conditions of his confinement, Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. Section 1997e(a) (1996)). *See also Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) 42 § 1987e(a).

In his objection memorandum, plaintiff merely restates the arguments made before the Magistrate Judge, none of which demonstrate why exhaustion should be excused in this case.

Because the plaintiff had pending administrative actions that had not been ruled upon at the time this action was commenced, the court must dismiss all claims without prejudice.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, the defendants' motion for summary judgment (ECF No. 121) is granted on the exhaustion issue and this action is dismissed without prejudice.

The Clerk may docket all remaining motions denied without prejudice as well.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 23, 2014
Columbia, South Carolina

3